## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

PATRICIA M. LEWIS )
 )
    Plaintiff, )
 )
       vs. )  Civil Action No. _5:10CV-20-R___
 )
BLUEGRASS MARINE, LLC )
A Delaware Limited Liability Company )
 )
    Defendant. )
 )
*SERVE REGISTERED AGENT:* )
         *C T Corporation System* )
         *4169 Westport Road* )
         *Louisville, KY 40207* )
         *via U.S. Certified Mail* )

---

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

---

COMES the Plaintiff, Patricia M. Lewis, by counsel, and for her Complaint against the Defendant, Bluegrass Marine, LLC, a Delaware limited liability company, states and alleges as follows:

### NATURE OF THE CASE

1.    This is a civil action seeking judgment, relief and/or damages brought pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*, the Family Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*, and the Kentucky Civil Rights Act ("KCRA"), as amended, KRS 344, *et seq.*

### PARTIES

2.    Lewis, is, and at all times relevant hereto has been, a resident of Tennessee, with a current address of 318 Dale Street, Paris, Tennessee 38242.

3.      The Defendant is a Delaware limited liability company and is duly authorized to conduct business in the Commonwealth of Kentucky.

4.      The Defendant maintains offices and conducts business with the geographical boundaries of the Western District of Kentucky.

5.      The address of the Defendant's principal place of business is 150 Ballard Circle, Paducah, Kentucky 42001.

6.      The name and address of the Defendant's registered agent are C T Corporation System, 4169 Westport Road, Louisville, Kentucky, 40207.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367, 42 U.S.C §12117 and 29 U.S.C. §2617(a)(2).

8.      Additionally, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and because there is complete diversity of citizenship between the Plaintiff and the Defendant.

9.      Lewis' state law claim arises from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the Constitution of the United States.

10.     The Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), 42 U.S.C. §12111(5)(A), and KRS 344.030(2).

11.     Lewis, at all times relevant hereto, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

12.     Lewis, at all times relevant hereto, was an "employee" as that term is defined by

42 U.S.C. §12111(4) and KRS 344.030(5).

13.    Lewis has a "disability" as that term is defined by 42 U.S.C. §12102(2) and KRS 344.010(4).

14.    Lewis is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8) and KRS 344.030(1).

15.    Lewis has exhausted her administrative remedies by timely filing a charge of discrimination against the defendant with the Equal Employment Opportunity Commission, in which she claimed discrimination based on disability, and by filing this complaint within ninety (90) days of receipt of her Notice of Right to Sue, which is attached hereto as Exhibit "A."

16.    Venue is proper in this Court because the events, transactions and occurrences complained of in this case arose within the boundaries of the Western District of Kentucky.

## FACTS

17.    The Defendant hired Lewis as a vessel cook on or about February 23, 2007.

18.    Her shifts consisted of thirty (30) days onboard a vessel, followed by fifteen (15) days off.

19.    Lewis performed her job diligently, competently and consistently, as evidenced by the fact that she was given positive evaluations, in writing, from at least three (3) separate crews. Due to her performance, she was considered for a pay raise which she received within three (3) months of her hire date.

20.    In December of 2007, Lewis was diagnosed with carcinoma of the breast, which is a malignant type of breast cancer.

21.    The Defendant was aware of Lewis' condition and treatment by virtue of letters received from her treating physician and because Lewis personally informed Vice President

Steve Crowley, among others, of her condition. After learning of Lewis' diagnosis, the Defendant regarded Lewis as an individual with a disability.

22.     Lewis underwent surgery, and on or about March 10, 2008, Lewis began receiving chemotherapy treatments to combat her cancer. She continued receiving treatments until May 2008.

23.     Lewis tolerated her chemotherapy treatments well, and was able to perform all of the essential functions of her position as a vessel cook without accommodation and was therefore "qualified" as defined by 42 U.S.C. §12111(8).

24.     For the remaining time Lewis worked for the Defendant, her supervisors, and company staff at human resources persistently thwarted Lewis' ability to board a vessel and work her normal 30 days on, 15 days off schedule, based on her diagnosis.

25.     Specifically, on March 17, 2008, Lewis was evaluated by the Defendant's physician and was released to return to work. That same day, Steve Royce with the Defendant's human resources department told Lewis that she may be terminated because her condition made her a liability to the company.

26.     After that conversation, Lewis' daughter, Amber Norwood, called Vice President Steve Crowley to report what Steve Royce had told Lewis. Mr. Crowley explained that, due to Lewis' condition, the company considered her to be a liability.

27.     On or about April 1, 2008, Lewis spoke to Steve Crowley regarding Steve Royce's refusal to allow her to go back to work. Mr. Crowley said the company considered Lewis a high risk and there was nothing he could do. Lewis responded that she felt she was being discriminated against because of her diagnosis.

28.     Subsequently, in an attempt to get placed on a boat for her shift, Lewis again spoke to Steve Royce at human resources, who told her that she would not be allowed to return to work following her most recent chemotherapy treatment.  Lewis explained that she had been released to return to work by her physician and by the company's physician.  Mr. Royce said that did not matter because federal rules, including U.S. Coast Guard regulations, prevented the Defendant from letting Lewis aboard the vessel due to her condition, and the alleged risk she could pose to the crew.  Lewis then called the Coast Guard office in New Orleans, Louisiana to inquire about the regulations Royce mentioned.  Lewis was informed no such regulation existed.

29.     On or about April 4, 2008, Lewis' medical provider wrote a letter to the Defendant stating that Lewis was tolerating her treatment and from a medical standpoint was able to return to work.

30.     Lewis subsequently requested to be placed on FMLA leave when she was due for her next chemotherapy treatment.  Her request was denied.

31.     On April 22, 2008, the Defendant assigned Lewis to a vessel to begin a shift.  On May 10, 2008, she was removed from the vessel involuntarily nearly two weeks short of her thirty (30) day work shift.  At no time during said shift did Lewis fail to perform her duties as cook.

32.     During the next several months Lewis was consistently denied a steady position and access to a full 30 day shift.

33.     As a result of her condition, Lewis took a medical leave of absence under the FMLA beginning October 3, 2008 and ending November 20, 2008, which was less than her allowed leave under the FMLA for that 12-month period.  During her leave, Lewis underwent radiation oncology treatments.  After her final treatment, she was released to return to work.

34.     Following her leave, Lewis returned to work without limitations placed on her by her treating physician.   The Defendant continued to deny her access to her employment according to her 30 days on, 15 days off schedule.

35.     On or about March 2, 2009, the Defendant terminated Lewis' employment.  The Defendant alleged, in a series of conflicting statements by staff and crew members, that Lewis, while working on a vessel, had violated company policy by disposing of certain kitchen items into the river.  Lewis categorically denied the allegations.

**COUNT ONE**
**DISABILITY DISCRIMINATION – LOST WAGES AND BENEFITS**

36.     Lewis hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint.

37.     The Defendant violated Lewis' rights by repeatedly denying her access to her job due to her disability and by retaliating against her for stating her belief that the Defendant's actions were discriminatory based on her diagnosis.

38.     The Defendant's actions were intentional, willful and in reckless disregard of Lewis' rights as protected by the ADA and the KCRA.

39.     Lewis has suffered and continues to suffer harm as a direct and proximate result of the Defendant's unlawful actions.

**COUNT TWO**
**DISABILITY DISCRIMINATION – WRONGFUL TERMINATION**

40.     Lewis hereby incorporates paragraphs one (1) through thirty-nine (39) of her Complaint.

41.     The Defendant violated Lewis' rights by terminating her employment due to her disability and by retaliating against her for stating her belief that the Defendant's actions were

6

discriminatory based on her diagnosis.

42.     The Defendant unlawfully conspired with staff and crew members to falsely accuse Lewis of rules violations in order to terminate her employment.

43.     The Defendant's actions were intentional, willful and in reckless disregard of Lewis' rights as protected by the ADA and the KCRA.

44.     Lewis has suffered and continues to suffer harm as a direct and proximate result of the Defendant's unlawful actions.

## COUNT THREE
## VIOLATION OF THE FMLA – INTERFERENCE

45.     Lewis hereby incorporates paragraphs one (1) through forty-four (44) of her Complaint.

46.     The Defendant unlawfully interfered with Lewis' rights under the FMLA by refusing to allow her medical leave for her chemotherapy treatments.

47.     The Defendant's actions were intentional, willful and in reckless disregard of Lewis' rights as protected by the FMLA.

48.     Lewis has suffered and continues to suffer harm as a direct and proximate result of the Defendant's unlawful actions.

## COUNT FOUR
## VIOLATION OF THE FMLA - RETALIATION

49.     Lewis hereby incorporates paragraphs one (1) through forty-eight (48) of her Complaint.

50.     The Defendant unlawfully retaliated against Lewis for exercising her past or prospective rights under the FMLA by refusing to return her to the same position or to an equivalent position with equivalent benefits, pay, status, and other terms and conditions of

employment, and by terminating her employment.

51.     The Defendant unlawfully conspired with staff and crew members to falsely accuse Lewis of rules violations in order to terminate her employment.

52.     The Defendant's actions were intentional, willful and in reckless disregard of Lewis' rights as protected by the FMLA.

53.     Lewis has suffered and continues to suffer harm as a direct and proximate result of the Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff, Patricia M. Lewis, respectfully prays this Court enter a judgment in her favor for relief against the Defendant as follows:

    a.    Reinstate Lewis to the position, salary and seniority level she would have enjoyed but for the Defendant's unlawful employment actions, or award her front pay in lieu thereof;

    b.    All wages, benefits, compensation, and other monetary loss suffered as a result of the Defendant's unlawful actions;

    c.    Compensation for any and all other damages suffered as a consequence of the Defendant's unlawful actions;

    d.    Liquidated damages;

    e.    Compensatory damages for the Defendant's violations of the ADA and KCRA;

    f.    Punitive damages against the Defendant;

    g.    For costs herein expended;

    h.    For reasonable attorney's fees;

    i.    Pre-judgment and post-judgment interest on all sums recoverable;

    j.    Any and all other relief to which the Plaintiff may appear entitled; and

    k.    The Plaintiff further requests a trial by jury.

## VERIFICATION

I, Patricia M. Lewis, declare as follows:

1.    I am the Plaintiff in the above-referenced case.

2.    I hereby state that I have read the foregoing Complaint and the contents contained therein are true and correct to the best of my information, knowledge and belief.

/s/ *Patricia Lewis*

Patricia M. Lewis

COMMONWEALTH OF KENTUCKY
COUNTY OF CALLOWAY

Subscribed and sworn to before me by Patricia M. Lewis, on this the 26th day of January 2010 to be her free and voluntary act and deed.



/s/ *Matthew S. Hatfield*

Notary Public, State at Large
My commission expires: Jan. 30, 2013

Respectfully Submitted,

/s/   Matthew S. Hatfield

Matthew S. Hatfield, Esq.
Hatfield Law Firm, PLLC
309 North 4th Street
Murray, KY 42071
(270) 759-3955 – phone
(270) 759-3955 – fax
Email: hatfield@hatfieldlawfirm.com
Counsel for Plaintiff